UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNIE H.,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. C20-5588-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION**

      Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ erroneously discounted her testimony, misevaluated the medical opinion evidence, formulated an insufficient residual functional capacity ("RFC") determination, and relied upon vocational expert ("VE") testimony that failed to include all of her limitations. Dkt. 27 at 3.[1] As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

      In March 2017, Plaintiff applied for benefits, alleging disability as of September 13, 2016. Tr. 200-215. Her applications were denied initially and on reconsideration. Tr. 127-30,

---

[1] Plaintiff's opening brief does not conform to the Court's scheduling order, which instructs parties to list the disputed issues beginning on the first page of briefing. *See* Dkt. 24 at 2. In the future, counsel should take care to follow the Court's instructions to avoid a stricken brief.

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION - 1

136-41.  The ALJ conducted a hearing in October 2018 (Tr. 32-74) and issued a decision finding Plaintiff not disabled.  Tr. 15-26.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  Tr. 1-6.

## THE ALJ'S DECISION

The ALJ found:

**Step one:**  Plaintiff had not engaged in substantial gainful activity since the alleged onset date.

**Step two:**  Plaintiff had the following severe impairments: degenerative disc disease, status post cervical fusion; diabetes; and obesity.

**Step three:**  These impairments did not meet or equal the requirements of a listed impairment.

**RFC:**  Plaintiff can perform light work, with additional limitations: she can lift/carry 20 pounds occasionally and 10 pounds frequently in an eight-hour workday.  She can stand/walk for six hours and sit for six hours in an eight-hour workday.  She can occasionally push/pull with the non-dominant right upper extremity.  She can occasionally climb ramps and stairs.  She can never crawl and climb ladders, ropes, or scaffolds.  She can never reach overhead with the non-dominant right arm.  She can frequently handle and finger with the non-dominant right hand.  She must avoid concentrated exposure to extreme heat, vibration, pulmonary irritants, and hazards such as unprotected heights and moving machinery.

**Step four:**  Plaintiff can perform her past work, and is therefore not disabled.

Tr. 15-26.

## DISCUSSION

**A.     Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony on the grounds (1) the medical evidence shows Plaintiff's neck and right arm symptoms improved somewhat with surgery, (2) Plaintiff received minimal treatment for her low back condition and her diabetes stabilized with medication, (3) objective testing showed many normal findings and the deficits that did persist were not disabling but consistent with light work, (4) Plaintiff magnified her symptoms during a

1   consultative examination, (5) Plaintiff's daily activities were more robust than she reported, and
2   (6) Plaintiff received unemployment benefits during a time she now claims to have been
3   disabled. Tr. 19-24.  An ALJ's reasons to discount Plaintiff's testimony must be clear and
4   convincing.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

5   　　　　Plaintiff claims the ALJ erred but fails to challenge the ALJ's first three reasons.  Dkt. 17
6   at 4-7.  This failure is fatal to her claim because the unchallenged reasons the ALJ articulated are
7   valid grounds to support the ALJ's determination to discount Plaintiff's testimony. Hence, even
8   assuming the challenged reasons are erroneous, the error is harmless. *See Carmickle v. Comm'r*
9   *of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (Including an erroneous reason
10  among other reasons to discount a claimant's credibility does not negate the validity of the
11  overall credibility determination and is at most harmless error where an ALJ provides other
12  reasons that are supported by substantial evidence). .

13  **B.     Medical Opinion Evidence, RFC, and VE Testimony**

14  　　　　The ALJ found the October 2017 opinions of Dr. Gaffield and the State agency
15  consultant are persuasive and consistent with the record. Tr. 24-25.  Plaintiff argues the ALJ
16  erred because after these opinions were written, more medical evidence was generated.  Dkt. 27
17  at 8-9. The Court rejects the argument to the extent it implies the ALJ did not consider all of the
18  evidence, because the decision shows the ALJ considered all of the medical evidence in
19  determining Plaintiff's RFC.  *See* Tr. 22-25.

20  　　　　Plaintiff also argues the ALJ should have developed the record by obtaining a
21  consultative psychological examination, because Dr. Gaffield's finding of Waddell's signs
22  indicates the need for such an examination.  Dkt. 27 at 9.  However, Dr. Gaffield never assessed
23  psychological limitations, Plaintiff never alleged psychological conditions or limitations, and

Plaintiff cites no evidence of record suggesting she has a psychological limitation. Under these circumstances, the Court finds the ALJ's duty to develop the record was not triggered by Dr. Gaffield's mention of Waddell's signs. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996))).

Plaintiff also argues the RFC determination fails to account for all assessed limitations, specifically kneeling, bending, and stooping restrictions. Dkt. 27 at 9. The Court agrees. The ALJ failed to address the postural limitations of kneeling, bending, or stooping, despite the fact Dr. Gaffield found Plaintiff was limited to 20 degrees in back extension, 30 degrees in flexion and 20 degrees in side bending. Tr. 477. Dr. Gaffield stated under the diagnosis section of his report, Plaintiff has cervical pain with restricted motion and low back pain with "limited range of motion." Tr. 478. Under postural activities, the doctor stated such activities "can be performed occasionally limited by her limited lumbar motion." Tr. 478. The ALJ found Dr. Gaffield's opinion persuasive but failed to include in the RFC the doctor's opinion Plaintiff has limited lumbar motion, i.e. she has limitations in bending at the waist. *See* Tr. 19. This error is not harmless because the vocational expert testified "So stooping, bending at the waist. So if they can do no stooping, they can basically do no work." Tr. 72.

## CONCLUSION

The ALJ harmfully erred by failing to address the bending/stooping limitations assessed by Dr. Gaffield in his report, a report the ALJ found persuasive. Although Plaintiff asks the Court to remand the case for an award of benefits, the Court finds additional proceedings are necessary to permit the ALJ to assess whether Plaintiff's stooping/bending limitations are

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION - 4

disabling or whether there are jobs she can nonetheless perform. Additional assessment and VE testimony are required to make findings on this issue and it is thus appropriate that further administrative proceedings be ordered. For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall assess the impact of Plaintiff's bending/stooping limitation, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

DATED this 29th day of March 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge